[No. 6998.]

STAATS V. WEAVER.

CONTRACTS—*Validity*—The purchaser of lands agrees, as part of the transaction, to pay a certain specified sum towards the commissions of the broker who acts for the seller—the seller knowing and assenting to the arrangement. The promise is a lawful promise and the purchaser is liable to the broker for the sum promised.—*Finnerty v. Fritts*, 5 Colo. 174, distinguished.

*Error to Denver County Court.*—Hon. GEORGE W. DUNN, Judge.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON, for plaintiff in error.

Mr. N. WALTER DIXON, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Staats, the plaintiff in error, brought suit against the defendant in error to recover the balance of an agreed compensation for services rendered in the capacity of a real estate broker. At the conclusion of the testimony for plaintiff, the defendant interposed a motion for non-suit, which was sustained. The plaintiff brings the case here for review on error.

The testimony is substantially as follows: Plaintiff was appointed or employed as the agent of the North West Land and Trust Company for the sale of lands in Otero county, in this state, upon which the company held an option. Weaver learned that Staats was the agent for these lands, and arranged to go with Staats to examine them. Pursuant to this arrangement Staats and Weaver made a trip to Otero county, and Weaver inspected the lands. On their return they entered into negotiations which extended over a considerable period. Weaver appears to have been satisfied with the land and the price per acre, but desired to trade, in part payment, at fifteen dollars per acre, land which he owned in North Dakota. Staats referred this proposition to his principal, which was refused, unless Weaver consented to trade his lands at a valuation of twelve dollars per acre. Weaver refused to trade at this figure, or at less than fifteen dollars per acre. He contemplated purchasing three hundred and ninety-five acres of the Otero land. Staats's commissions on this number of acres would have been $3,950.00. After further negotiations the North West Land and Trust Company refused to accept Weaver's land in trade at the rate of fifteen dollars per acre, unless Staats would agree to a reduction of his commission. Staats finally agreed with the company to accept $1,250.00 as commissions if the company would take Weaver's land in trade at fifteen dollars an acre, provided Weaver would agree to pay him a commission for effecting a trade of his North Dakota land. This was satisfactory to the company. Staats then informed Weaver that if a deal was made for the Otero

lands by accepting in part payment the North Dakota lands at the rate of fifteen dollars per acre, that the company would not pay full commission, and expected him to look to Weaver for a commission on the North Dakota land. Weaver thereupon agreed to pay Staats four hundred dollars as a commission if his land was accepted at fifteen dollars per acre. A deal was finally closed, Weaver taking the Otero county lands at the price agreed upon between himself and the company, the latter taking his Dakota land at a valuation of fifteen dollars per acre. Weaver paid a part of the four hundred dollars, but neglected, or refused, to pay the balance.

There is other testimony, but the foregoing synopsis is all that is necessary to consider in passing upon the motion for non-suit. This motion was based upon two grounds: (1) It appears from the evidence that Staats was not the effective and procuring cause of the deal that was finally consummated; and (2) it appears that plaintiff, having assumed to act as agent for both purchaser and seller, is not entitled to recover commission from either.

The deal as arranged by Staats was consummated, and the only question necessary to determine, is, whether the agreement of Weaver to pay Staats four hundred dollars is enforceable. It is true, as held in *Finnerty v. Fritz*, 5 Colo. 174, that the same person can not be agent, both of the owner to sell, and of the purchaser to buy, and that if he acts in that capacity for both parties in the same transaction, he can not recover compensation from either, unless the parties knew and assented to his acting for both; but that is not this case. Staats was not the agent of Weaver, nor did he assume to act for him in that capacity. He was the agent of the North West Land and Trust Company, for the sale of the Otero lands. He interested Weaver in this property. Weaver wanted to trade other land in part payment. Staats submitted this proposition to his principal. The company was not willing to take Weaver's land at the valuation he placed thereon, and Weaver was not willing to accede to a reduction in the

price at which he held his land. Finally, Staats agreed to a reduction of his commission, which the company had agreed to pay, if a sale was effected, by taking the Weaver land at fifteen dollars per acre, provided Weaver would pay him a commission for disposing of his land. The company assented to this arrangement, and so did Weaver, and the trade was made. In brief, this arrangement between the parties with respect to the payment of Staats for his services was mutual, and the essential condition upon which the trade was agreed upon and consummated. In other words, the consummation of the deal between the parties, as proposed by Weaver to Staats, and by Staats submitted to his principal, hinged upon the parties agreeing to pay Staats for his services, by each paying a part. This was mutually agreed upon by all concerned, and the deal closed on these terms; consequently, Weaver is liable to the plaintiff for such part of the sum he agreed to pay as is unpaid.

The judgment of the county court is reversed, and the cause remanded for a new trial. *Reversed and Remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.